UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

IN RE:     SEAMAC M. KASRAI and            Case No. 07-31235-KRH
           LOUISA ZAHRA KASRAI,            Chapter 7

           Debtors.

---

DAIMLERCHRYSLER FINANCIAL
SERVICES AMERICAS, LLC,

           Plaintiff,

v.

SEAMAC M. KASRAI, Debtor,
and
LYNN L. TAVENNER, Trustee,

           Defendants.

---

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the motion of DaimlerChrysler Financial Services Americas, LLC, ("DaimlerChrysler") as successor by merger to DaimlerChrysler Services North America, LLC, for the entry of a comfort order pursuant to 11 U.S.C.A. § 362(j) confirming the termination of the automatic stay. The Court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

On May 26, 2003, Seamac M. Kasrai (the "Debtor") and Lustine Toyota/Dodge, Inc. entered into a retail installment contract (the "Contract") for the purchase of a 2003 Dodge Dakota (the "Vehicle"). The Contract was subsequently assigned to DaimlerChrysler.

DaimlerChrysler claims to have a security interest in the vehicle, the perfection of which it claims is evidenced by the title issued by the Virginia Department of Motor Vehicles. This claim has not been disputed by the Debtor or the Trustee.

The Debtor and his spouse filed a voluntary joint petition under Chapter 7 of the Bankruptcy Code on April 2, 2007 (the "Petition Date"). The Vehicle was in the possession of the Debtor on the Petition Date and the Vehicle remains in the possession of the Debtor. DaimlerChrysler alleges that the Debtor failed to indicate any intention at all with respect to the Vehicle in his statement of intention filed as required by 11 U.S.C.A. § 521(a)(2).[1] The Debtor has not redeemed the vehicle nor has the Debtor entered into a reaffirmation agreement with DaimlerChrysler as of the filing of DaimlerChrysler's motion requesting a comfort order. Furthermore, the Chapter 7 Trustee has not filed a motion declaring the Vehicle of consequential value or benefit to the estate pursuant to 11 U.S.C.A. § 362(h)(2). DaimlerChrysler argues that the automatic stay has been terminated with respect to the Vehicle and the Debtor and that the Vehicle is no longer property of the bankruptcy estate pursuant to 11 U.S.C.A. §§ 521(a)(2) and 362(h)(1).

DaimlerChrysler seeks the entry of a comfort order confirming that the stay terminated with respect to the Vehicle 30 days after the Petition Date. This motion is predicated upon 11 U.S.C.A. §362(j). That section provides that "[o]n request of a party in interest, the court shall

---

[1] Section 521(a)(2) of the Bankruptcy code provides that "if an individual debtor's schedule of assets and liabilities includes debts which are secured by property of the estate--
(A) within thirty days after the date of the filing of a petition under chapter 7 of this title or on or before the date of the meeting of creditors, whichever is earlier, or within such additional time as the court, for cause, within such period fixes, the debtor shall file with the clerk a statement of his intention with respect to the retention or surrender of such property and, if applicable, specifying that such property is claimed as exempt, that the debtor intends to redeem such property, or that the debtor intends to reaffirm debts secured by such property;
(B) within 30 days after the first date set for the meeting of creditors under section 341(a), or within such additional time as the court, for cause, within such 30-day period fixes, the debtor shall perform his intention with respect to such property, as specified by subparagraph (A) of this paragraph; . . ."

issue an order under subsection (c) [of § 362 of the Bankruptcy Code] confirming that the automatic stay has been terminated."

The predicate for DaimlerChrysler's motion for confirmation that the stay has been terminated is not subsection (c) of § 362 of the Bankruptcy Code. Rather, DaimlerChrysler relies on subsection (h) of § 362 of the Bankruptcy Code. This Court has held previously that entry of a comfort order under 11 U.S.C.A. § 362(j) is not appropriate when the stay allegedly has been terminated under 11 U.S.C.A. § 362(h). *In re Grossi*, No. 06-33371-KRH, 2007 WL 1066483 (Bankr. E.D. VA. February 22, 2007) *citing In re Dienberg*, 348 B.R. 482, 487 (Bankr. N.D. Ind. 2006) (holding that "the comfort orders authorized by § 362(j) are limited to situations where the automatic stay has terminated by reason of the operation of the provisions of § 362(c) and are not authorized where the stay is alleged to have terminated by operation of § 362(h)").

DaimlerChrysler requests the Court to reconsider its prior ruling, arguing that its motion is in fact based on § 362(c) of the Bankruptcy Code. Relying on *In re Espey*, 347 B.R. 785 (Bankr. M.D. FL. 2006), DaimlerChrysler argues that its request falls within the provisions of § 362(c)(1). That section provides that "the stay of an act against property of the estate under subsection (a) [of § 362 of the Bankruptcy Code] continues until such property is no longer property of the estate." *Id*. Section 362(h) of the Bankruptcy Code provides that a creditor's collateral ceases to be property of the bankruptcy estate if the debtor fails to act within the requisite time period with regard to the statement of intention. Once the property is no longer property of the estate, DaimlerChrysler contends that it may move the court for an order confirming that the stay has been terminated pursuant to § 362(c)(1) and in accordance with § 362(j).

3

The argument advanced by DaimlerChrysler is misplaced. In addition to protecting property of the estate, the automatic stay also protects the debtor, 11 U.S.C.A. § 362(a)(2), as well as property of the debtor, 11 U.S.C.A. § 362(a)(5). Just because property may no longer be property of the estate, it may very well continue to be protected by the automatic stay until such time as the case is closed or dismissed or the debtor has received a discharge. *In re Dienberg*, 348 B.R. at 484; *In re Motley*, 10 B.R. 141, 144-45 (Bankr. M.D. Ga. 1981). Even though the Vehicle may no longer be property of the bankruptcy estate, as DaimlerChrysler contends, subsection (c) of § 362 has not effected a complete termination of the automatic stay. Accordingly, § 362(j), upon which DaimlerChrysler relies, does not authorize the issuance of a comfort order providing that the automatic stay has been terminated.

For the foregoing reasons, the Court is not inclined to follow *In re Espey*, but rather will adhere to its prior precedent that comfort orders authorized by § 362(j) are limited to situations in which the automatic stay has been terminated by reason of the operation of the provisions of § 362(c) and are not authorized where the stay is alleged to have been terminated by operation of § 362(h). Accordingly,

IT IS ORDERED that the motion of DaimlerChrysler Financial Services Americas, LLC to confirm the termination of the automatic stay is DENIED.

ENTERED: _____

      /s/ Kevin R. Huennekens
UNITED STATES BANKRUPTCY JUDGE

Copies to:

William W. Roberts
William W. Roberts, P.C.
P. O. Box 175
Powhatan, VA  23139

Seamac Kasrai
6816 Violet Drive
Fredericksburg, VA  22407

Lynn L. Tavenner
20 North Eighth Street, 2nd Floor
Richmond, VA  23219

Charles C. Cowsert
4908 Hood Drive
Fredericksburg, VA  22408

Robert B. Van Arsdale
Assistant U.S. Trustee
600 East Main Street, Suite 301
Richmond, VA  23219